UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 2:21-cv-00740

M COMPANY OY, a Finland limited company,

    Petitioner,

vs.

M ROOM COMPANY USA INC., a Delaware corporation,

    Respondent.
_____/

**PETITION TO RECOGNIZE, CONFIRM, AND ENFORCE
A FOREIGN ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT**

Petitioner, M COMPANY OY ("M Room Finland"), by and through its undersigned counsel, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, *et seq.* (the "New York Convention") and the United States Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA"), hereby petitions the Court for entry of an Order recognizing, confirming and enforcing the Arbitral Award entered by the Finland Chamber of Commerce on June 23, 2021 in Helsinki, Finland by Salla Souminen, Arbitrator, and for entry of final judgment thereon against Respondent, M ROOM COMPANY USA, INC. ("M Room Florida"), and alleges the following:

**Parties**

1.    Petitioner, M Room Finland, is a limited company formed and existing under the laws of Finland.

2.    Respondent, M Room Florida, is a corporation organized and existing under Delaware law, which is registered to do business in Florida and which does substantial and not isolated business in Naples, Collier County, Florida.

**Jurisdiction and Venue**

3. This Petition seeks recognition, confirmation, and enforcement of a foreign arbitral award pursuant to 9 U.S.C. § 207 of the New York Convention.

4. The Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203, as this Petition is brought pursuant to the New York Convention.

5. The Court has personal jurisdiction over M Room Florida to hear the Petition and to recognize, confirm and enforce the Arbitral Award because M Room is a corporation formed under Delaware law that is registered to do business as a foreign corporation in Florida, that maintains its principal place of business within this District, that upon information and belief maintains sufficient assets, including a bank account within this District, available to satisfy the Award in whole or in part, and because the exercise of personal jurisdiction over M Room Florida does not otherwise offend traditional notions of fair play and substantial justice.

6. Venue is proper in this Court under 9 U.S.C. § 204 and 28 U.S.C. § 1391(b)(1) because Respondent resides within this District and has assets in this District.

**Petition**

7. Under Section 6 of the FAA, an application to confirm and arbitral award "shall be made and heard in the manner provided by law for the making and hearing of motions . . . ." 9 U.S.C. § 6. M Room Finland respectfully requests that the Court accordingly treat this Petition as a motion and consider the same for ruling as soon as possible.

**Factual and Procedural Background**

8. M Room Finland is the owner and operator of the M Room concept throughout Europe and in the United States, consisting of a membership concept that supports men's chic styling

and grooming. The M Room concept has been very successful in Europe, such that M Room Finland sought to bring the concept to the United States.

9. M Room Finland proposed to do this through facilitation by Oskari Kariste ("Kariste"), a Finnish national who had existing relationships in Florida with which to move M Room forward in the United States. In a quite long story made short, in the United States, those transactions led to litigation between M Room Finland and Kariste through his company, Respondent M Room Company USA, Inc., plus his related entities and several of the business partners that Kariste brought into the transactions. *See M Room Group USA, Inc., vs. Casey Askar, et al.*, Case Number 2019-CA-000565-0001-XX in the Circuit Court of the 20th Judicial Circuit in and for Collier County, Florida (the "Florida litigation").

10. The Florida litigation was settled by Kariste, M Room Florida and M Room Finland. As part of that settlement, but outside of the Florida litigation, M Room Finland and M Room Florida, along with Kariste and his wife (who owns upon information and belief 75% of M Room Florida), entered into a new agreement, dated on or about November 5, 2019. A true and correct copy of the original agreement is attached hereto as Exhibit "A" and incorporated herein by this reference. The agreement is in the Finnish language. The certified Finnish to English translation of the November 5, 2019 agreement is attached hereto as Exhibit "B" and incorporated herein by this reference (the "Agreement").

11. Essentially, the Agreement provided for steps to be taken by which M Room Finland would enter into a franchise agreement by which M Room Florida would be licensed to use the M Room concept and the related trademarks in connection with the ongoing operations in Naples, Florida. To be clear, Kariste and M Room Florida had long been engaged in those operations, but

continued to do so without M Room Finland's consent, in violation of M Room Finland's legal rights and property including its trademarks registered under United States law. By the the Agreement, the parties sought to legitimize M Room Florida and Kariste's operations.

12. The parties began to work towards that end pursuant to the Agreement, but ultimately, the parties' efforts failed, M Room Florida declared a breach of the Agreement, and instituted arbitration proceedings against M Room Finland in Helsinki pursuant to the Agreement.

13. The arbitration was filed pursuant to Section 8 of the Agreement which provided for application of Finnish law, and for disputes to be resolved by arbitration in accordance with the Rules of Arbitration of the Finland Chamber of Commerce by a single arbitrator. Pursuant to the Agreement, the proceedings were conducted in Finnish, and took place in Helsinki, Finland.

14. On June 23, 2021, the Arbitrator entered an Arbitral Award, a true and correct, certified copy of which is attached hereto as Exhibit "C" and incorporated herein by this reference. The original award is in the Finish language. The certified Finish to English translation of the award is attached hereto as Exhibit "D" and incorporated herein by this reference (the "Award"). The Award is

15. M Room Florida prevailed on some, but not all of its claims in Arbitration. On its counterclaims, M Room Finland prevailed. The Agreement provided for liquidated damage awards for breach, totaling €250,000; as a result, each of M Room Finland and M Room Florida was awarded €250,000 by the arbitrator.

16. The net winner, however was M Room Finland. First, the arbitrator awarded interest accruing at the Finnish legal annual rate of 7% pursuant to Section 4 of the Finnish Interest Act, a true and correct translation of which is attached hereto as Exhibit "E" and incorporated herein by

this reference. Pursuant to Section 10.1 of the Award, interest on the €250,000 was awarded against M Room Florida and accrued from December 13, 2020. Interest on the €250,000 award against M Room Finland did not accrue until "one month from the date of the Arbitral Tribunal's award" which is July 23, 2021.

17. By email on July 23, 2021 though, a true and correct copy of which is attached hereto as Exhibit "F" and incorporated herein by this reference, M Room Finland gave notice of exercising its legal right to setoff pursuant to Finnish law. The July 23, 2021 email was sent in both Finnish and English to M Room Florida's legal counsel and no response has been given to date. M Room Finland also sent the same notice directly to M Room Florida via email to its director Tero Hellgren. Based on this and the Award, M Room Finland owes M Room Florida no interest.

18. M Room Florida owes interest on the €250,000 which accrued from December 13, 2020 through and including July 23, 2021, in the total amount of €10,643.84.

19. Second, the arbitrator awarded damages against M Room Florida in the total amount of €47,108.28 as set out in Section 10.1 of the Award, plus interest also accruing at the statutory 7% annual rate. Interest accrues from varying dates based on the subset of damages set out in Section 10.1 of the Award.

20. Finally, the arbitrator awarded costs/fees against M Room Florida as specified in Section 10.2 of the Award. M Room Florida was effectively ordered to pay 75% of the total administrative fees and arbitral tribunal fees, consisting of M Room Florida's 50% share, plus another 50% of M Room Finland's share. Each of the parties was required to advance fees/costs of €44,000 paid equally by the parties upon initiation of the arbitration. After rebates at the conclusion

of the arbitration, M Room Florida is liable to M Room Finland for €8,748.10 for this portion of the Award.

21. The total due to be paid by M Room Florida to M Room Finland pursuant to the Award is €55,856.38, plus interest accruing at the annual rate of 7%.

## Relief

WHEREFORE, Petitioner moves the Court for entry of an Order against Respondent:

a. Recognizing, confirming and enforcing the Award issued by the arbitrator;

b. Entering judgment against Responding in conformity with the terms of the Award in the amount of €55,856.38 plus accrued interest at the annual rate of 7% through entry of judgment;

c. Awarding Petitioner post-judgment interest pursuant to 28 U.S.C. § 1961 from the date of entry of judgment until the judgment is satisfied;

d. Awarding Petitioner's costs and attorneys' fees in connection with this Petition; and

e. Awarding such other and further relief as the Court deems just and proper.

DATED:   October 6, 2021.

        Respectfully subbmitted,

        HOLIDAY HUNT RUSSELL PLLC
        Attorneys for M Company Oy
        2699 Stirling Road Suite A-109
        Fort Lauderdale FL 33312
        Telephone: (954) 920-5153
        Email: hhrussell@holidayrussell.com
        Primary service email: pleadinghhr@gmail.com
        Secondary service email: servicesecondary@gmail.com

        By:   s/Holiday Hunt Russell

        HOLIDAY HUNT RUSSELL
        FL BAR NO.: 955914